State Court of Fulton County
\*\*\*EFILED\*\*\*
File & ServeXpress
Transaction ID: 64061156
Date: Aug 06 2019 01:53PM
LeNora Ponzo, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ZEPORAH MOORE,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.

CIVIL ACTION FILE NO.

19EV004133

## COMPLAINT

Plaintiff sues the Defendant as follows:

1. Plaintiff is an individual resident of Georgia, with standing to bring suit.

2. Defendant conducts business in Georgia, is registered with the Secretary of State, subject to jurisdiction in Georgia per O.C.G.A. § 9-10-91 and per O.C.G.A. § 15-7-4.

3. Defendant conducts business at 1105 Research Center Drive, Atlanta, Georgia 30331, Store #3741 and venue is proper under O.C.G.A. § 14-2-510.

4. On 7/31/18, Plaintiff was shopping at Walmart Store #3741 as an invitee.

5. Plaintiff slipped on liquid negligently left by Defendant as she was walking through the first lobby of the Store.

6. Plaintiff suffered personal injuries described further and had to be transported from the Store to the hospital as a result of the fall.

7. There were no warning signs or other precautions taken by Defendant to warn Plaintiff or other customers of the dangerous condition on the floor.

8. Plaintiff had no actual knowledge or constructive knowledge of the dangerous condition on the floor of the Defendant's Store.

9. Defendant's disregard for the safety and welfare of customers caused Plaintiff's injury.

10. All conditions precedent were fulfilled, waived or their fulfillment was futile.



## COUNT I: NEGLIGENCE AND RELATED RELIEF AGAINST DEFENDANT

11. Paragraphs 1-10 are incorporated by reference.

12. O.C.G.A. § 51-3-1 states as follows:

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."

13. Plaintiff was invited by Defendant to conduct business at its premises for its profit.

14. Defendant had a legal duty of ordinary care to Plaintiff to keep the premises safe.

15. Defendant breached its duty of care to Plaintiff by failing to keep the premises safe by not maintaining the floor in good condition of which Defendant had knowledge, and Plaintiff did not.

16. Defendant breached its duty to exercise reasonable care to keep the premises safe for Plaintiff and other customers by, among other things:

   (a) Negligently allowing the liquid to remain on the floor;

   (b) Failing to exercise reasonable care in removing the liquid, which was a hazardous condition;

   (c) Negligently allowing the liquid on the floor to be accessible to patrons without warning them of the hazard or taking other appropriate measures;

   (d) Failing to maintain adequate inspection procedures to discover and remedy dangerous conditions such as the liquid on the floor when it knew, or in the exercise of reasonable care, should have known that liquid on the floor can greatly increase the risk that patrons, such as Plaintiff may be harmed by debris on the floor; and

   (e) Failing to warn Plaintiff of the dangerous condition when it knew or in the exercise of reasonable care should have known that it existed.

17. Plaintiff fell/sustained injuries as a direct/proximate result of Defendant's negligence.

18. Defendant's breach of its duty of care proximately and/or actually caused Plaintiff's fall at the premises and injuries to Plaintiff for which Defendant is liable.

19. Plaintiff has and continues to suffer physical and mental pain and suffering as a proximate and/or direct result of the Incident and is entitled to general and special damages against Defendant, such as past, present, and future medical expenses, lost wages and earning capacity and present, future pain and suffering.

20. Under O.C.G.A. § 51-1-1 *et seq* and applicable law, Plaintiff demands judgment against Defendant for compensatory, consequential, special and nominal damages for its misconduct, interest and costs and all other just relief.

## COUNT II: ATTORNEY'S FEES AND COSTS AGAINST DEFENDANT

21. Paragraphs 1-20 are incorporated by reference.

22. O.C.G.A. § 13-6-11 states as follows:

"The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefore and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

23. Defendant acted in bad faith which failed to comply with its legal duty of ordinary care for Plaintiff's protection at the premises.

24. Defendant was stubbornly litigious as there was no bona-fide dispute as to its liability to Plaintiff, who incurred unnecessary trouble and expense to bring this action, as Defendant stubbornly disputed its liability prior to this action.

25. Under O.C.G.A. § 13-6-11 *et seq* and applicable law, Plaintiff demands judgment against Defendant for her attorney's fees, costs and all other just and proper relief.

Respectfully submitted this 6th day of August, 2019.

LAW OFFICES OF MATTHEW C. HINES, LLC
By: *s/ Paul G. Wersant*
Paul G. Wersant
Georgia Bar No. 748341
Email: Paul@hineslaw.org
Matthew C. Hines
Georgia Bar No. 356082
Email: Matthines@hineslaw.org
*Attorneys for Plaintiff*

1900 The Exchange SE, Building 500
Atlanta, Georgia 30339
Phone: (770) 941-0913
Fax: (770) 941-0919

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ZEPORAH MOORE,                              Civil Action File No.
                                                              19EV004133
         Plaintiff,

v.

WAL-MART STORES EAST, LP,

         Defendant.
_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP and makes this Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

## SEVENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint. Jurisdiction is now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

3.

Defendant denies the allegations contained in paragraph 3 of Plaintiff's Complaint. Venue is now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

4.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint, as stated.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Paragraphs 1-10 of this Answer are incorporated by reference.

12.

Defendant admits the allegations contained in paragraph 12 of the Plaintiff's Complaint, but shows that all case law has been omitted.

13.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's

Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint, including subparagraphs (a), (b), (c), (d) and (e) thereof.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Paragraphs 1-20 of this Answer are incorporated by reference.

22.

Defendant admits the allegations contained in paragraph 22 of the Plaintiff's Complaint, but shows that Defendant has not been stubbornly litigious.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

27.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


/s/ Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


/s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES EAST, LP has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the __6th__ day of September, 2019.

                                      McLAIN & MERRITT, P.C.

                                      /s/ Howard M. Lessinger
                                      Howard M. Lessinger
                                      Georgia Bar No. 447088
                                      Attorney for Defendant
                                      WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com