IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ZEPORAH MOORE, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| vs. | : | 1:19-CV-3988-CC |
| WAL-MART STORES EAST, LP, | : | |
| Defendant. | : | |

## **ORDER**

This premises liability action is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint to Add Defendant Hanna Mesfin [Doc. No. 15] (the "Motion to Amend"). For the reasons stated below, the Court denies the Motion to Amend.

Plaintiff Zeporah Moore has not shown good cause for this Court to amend the Scheduling Order entered in this case to permit the late filing of an amended complaint. Plaintiff brings her motion pursuant to Federal Rule of Civil Procedure 15(a), but motions to amend pleadings filed after the deadline set forth in the Scheduling Order are governed by Federal Rule of Civil Procedure 16(b)(4). Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) (explaining that, only after the movant has demonstrated good cause to amend the deadline set forth in the scheduling order, should a court "consider whether amendment is proper under

Rule 15(a)"). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note.

Here, the parties filed their Joint Preliminary Planning Report [Doc. No. 11] on November 19, 2019. In that filing, Plaintiff identified Hanna Mesfin as a necessary party defendant who needed to be joined to the action. (Id. at p. 4.) That filing also provided that "[a]mendments to the pleadings submitted LATER THAN 30 DAYS after the preliminary statement is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law." (Id.) The Court entered the Scheduling Order [Doc. No. 12] approving the Joint Preliminary Planning Report and the time limits set forth therein on December 2, 2019. Accordingly, any amendments to the pleadings were due no later than December 19, 2019.

The record reflects that Plaintiff did not file her Motion to Amend until December 23, 2019, and Plaintiff has made no attempt to show good cause to amend the Scheduling Order. Given that Plaintiff already knew of Hanna Mesfin's identity at the time the parties filed the Joint Preliminary Planning Report, the Court is of the opinion that Plaintiff would have great difficulty demonstrating that she could not meet the deadline for amending pleadings, despite her

2

diligence. Plaintiff's failure to demonstrate good cause to amend the deadline in the Scheduling Order is fatal to her Motion to Amend.

Even if the Court were to reach the merits of Plaintiff's request to add assistant manager Hanna Mesfin, a non-diverse party, as a defendant to the case, that request would be due to be denied under 28 U.S.C. § 1447(e). Adding Ms. Mesfin would amount to fraudulent joinder, as Defendant Wal-Mart Stores East, LP argues in its response opposing the Motion to Amend. First, Plaintiff's post-removal attempt to add Ms. Mesfin is likely for the purpose of defeating federal jurisdiction. Plaintiff has no viable or colorable claim against Ms. Mesfin because: (1) she was not the owner or occupier of the Wal-Mart store in question and did not have possession and control of the premises; (2) Plaintiff does not assert a direct negligence claim against Ms. Mesfin or allege that Ms. Mesfin committed a tort against her; (3) Ms. Mesfin was not present at the store at the time in question, did not witness Plaintiff's fall, and did not cause or contribute to Plaintiff's fall; and (4) only Wal-Mart, and not an agent, can be held vicariously responsible for the actions or omissions of any other employees. Second, Plaintiff's Motion to Amend was dilatory, as she could have named a manager as a John Doe defendant in her original Complaint, but she did not. Third, Plaintiff will not be significantly injured if amendment is not allowed because she has no viable claim against Ms. Mesfin and Wal-Mart can satisfy any judgment in Plaintiff's favor. Fourth and

finally, the equities favor Defendant Wal-Mart, as it had a right to remove the case to a federal forum and there is no colorable claim against Ms. Mesfin.

Based on the reasons stated above, the Court **DENIES** Plaintiff's Motion for Leave to File an Amended Complaint to Add Defendant Hanna Mesfin [Doc. No. 15].

SO ORDERED this 5th day of March, 2020.

*s/ CLARENCE COOPER*
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE